# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN CARMICHAEL, | No. 3:18-CV-00183 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Mehalchick) |
| JOHN WETZEL, *et al.*, | |
| Respondents. | |

## ORDER

### MARCH 20, 2020

Shawn Carmichael, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1] Carmichael raises numerous claims in his petition, including several claims of ineffective assistance of counsel and, as relevant here, claims related to a purported violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution.[2]

In September 2019, Magistrate Judge Karoline Mehalchick issued a Report and Recommendation recommending that this Court deny the petition.[3] First, with respect to Carmichael's claim that the state court violated the Confrontation Clause by admitting certain testimony from Carmichael's preliminary hearing, Magistrate Judge Mehalchick recommends finding that the state court's decision denying that

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 33.

claim is not contrary to, or an unreasonable application of, firmly established federal law.[4] Magistrate Judge Mehalchick also recommends concluding that any claim of ineffective assistance of counsel related to the alleged Confrontation Clause violation is procedurally defaulted.[5]

Magistrate Judge Mehalchick further recommends that Carmichael's claim that counsel was ineffective for failing to contact expert witnesses is procedurally defaulted and otherwise without merit.[6] Finally, Magistrate Judge Mehalchick recommends that Carmichael's ineffective assistance of counsel claim related to the failure to fully develop appellate claims related to the weight and sufficiency of the evidence is without merit, as is any claim asserting that the state court's decision was contrary to *Strickland v. Washington*, 466 U.S. 668 (1984).[7]

After receiving several extensions of time, Carmichael—with the assistance of counsel—filed timely objections to the Report and Recommendation in which he raises three alleged errors.[8] First, Carmichael asserts that this Court should refuse to consider a procedural default defense because Respondents belatedly raised that defense.[9] Second, Carmichael argues that the admission of a portion of the preliminary hearing transcript violated the Confrontation Clause, as he did not have

---

[4] *Id.* at 14-20.
[5] *Id.* at 20-23.
[6] *Id.* at 23-25.
[7] *Id.* at 25-31.
[8] Doc. 40.
[9] Doc. 40 at 1-2.

sufficient discovery to adequately cross-examine the witness during the preliminary hearing.[10] Finally, Carmichael contends that counsel was ineffective in failing to develop an argument on direct appeal regarding sufficiency of the evidence.[11]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[12] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[13]

With respect to Carmichael's Confrontation Clause argument, the Court finds no error in Magistrate Judge Mehalchick's recommendation. The facts underlying this claim are relatively straightforward. Carmichael's underlying convictions stem from a shooting incident involving his fiancé, Jaquilla Hannible. Just after the shooting, Hannible provided a written statement to police asserting that Carmichael had discharged a weapon at her vehicle, causing Hannible to rapidly accelerate her vehicle and strike another vehicle.[14]

---

[10] *Id.* at 2-4.
[11] *Id.* at 4.
[12] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[13] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[14] Doc. 20-1 at 83-84, 421-22.

During Carmichael's preliminary hearing, Hannible was called to testify, but asserted that her earlier written statement was "false and [she did not] remember anything else" about the shooting.[15] Hannible did confirm that she was in her vehicle, heard gunfire, accelerated her vehicle, and struck another vehicle.[16] Hannible testified that, although she could not remember whether Carmichael possessed a firearm at the time of the shooting, she did not see any other individuals in the area at that time.[17]

Although Hannible was later subpoenaed to testify at trial, she indicated to police and state prosecutors that she did not intend to appear at trial and would defy the state-issued subpoena; Hannible followed through on her threats and did not appear at Carmichael's trial.[18] As a consequence, the trial court found that Hannible was not available and the defense had an adequate opportunity to cross-examine her at the preliminary hearing, and thus permitted the prosecution to read Hannible's preliminary hearing testimony into the record at trial.[19]

Carmichael now asserts that, although he was technically able to cross-examine Hannible at the preliminary hearing, that opportunity was in effect meaningless, as he did not have sufficient discovery—or the same motive—to

---

[15] *Id.* at 239; *see id.* at 234-42.
[16] *Id.* at 239.
[17] *Id.* at 241-42.
[18] *Id.* at 30-35.
[19] *Id.* at 89-94.

properly cross-examine Hannible at said hearing.[20] This, however, is not the proper measure of whether a criminal defendant had a prior opportunity to cross-examine a witness.

The United States Supreme Court has stated that "the Confrontation Clause requires that a defendant have had 'a full and fair opportunity to probe and expose testimonial infirmities' of an unavailable government witness in order for that witness's prior testimony to be admissible."[21] Thus, "a defendant may be denied a full and fair opportunity to cross-examine a government witness where the defendant is precluded from showing 'why that witness might have been biased or otherwise lacked that degree of impartiality expected of a witness at trial.'"[22] "In *Davis v. Alaska,* 415 U.S. 308 (1974), the Supreme Court . . . clarified that the Confrontation Clause is not necessarily violated where a defendant is unable to effectively impeach a government witness. Rather, the clause may be violated where a defendant's

---

[20] Notably, subsequent discovery did not provide any material that would have been helpful to the defense in cross-examining Hannible. Carmichael's attorney asserted that tapes from a 911 call demonstrate that Hannible stated Carmichael possessed a handgun, rather than a rifle, and may have been shooting at an animal, rather than at Hannible. (Doc. 20-1 at 86). However, in the preliminary hearing Hannible testified that she did not remember Carmichael having any firearm at all. (*Id.* at 242). Thus, cross-examining Hannible on that point would only serve to establish that Carmichael possessed a firearm, which would have been entirely counterproductive. As to any statement that Carmichael may have been shooting at an animal, again, Hannible testified that she did not recall Carmichael possessing a firearm, let alone discharging it. Cross-examining Hannible to establish that Carmichael possessed and discharged a firearm would have harmed—not helped—Carmichael.
[21] *Ross v. Dist. Attorney of the Cty. of Allegheny*, 672 F.3d 198, 206 (3d Cir. 2012) (quoting *United States v. Owens,* 484 U.S. 554, 558 (1988) (brackets omitted)).
[22] *Id.* at 207 (quoting *Davis v. Alaska,* 415 U.S. 308, 318 (1974) (brackets omitted)).

inability to impeach is attributable to a limitation on the scope or nature of the cross-examination imposed by the trial court."[23]

Relying upon that case law, in *Ross v. District Attorney of the County of Allegheny*, the United States Court of Appeals for the Third Circuit addressed circumstances analogous to Carmichael's situation. In *Ross*, the defendant was subject to a total of three criminal trials; during the second trial, one witness testified that the defendant "confessed in jail to shooting" the victim.[24] However, at the third trial the prosecution witness "refused to testify on the ground that he feared retribution" and asserted that he "suffered a lapse of memory and would not be able to testify even if ordered to do so."[25] The trial court therefore found the witness unavailable and permitted the introduction of his testimony from the second trial.

On appeal, the defendant asserted that his Sixth Amendment rights were violated because he did not have a fair opportunity to cross-examine the prosecution witness at the second trial. Specifically, after the conclusion of the second trial, defense counsel discovered an individual (the "defense witness") who asserted that the prosecution witness had fabricated his testimony regarding the defendant's confession.[26] The Third Circuit held that the defendant had a fair opportunity to cross-examine the prosecution witness, notwithstanding the subsequent discovery of

---

[23] *Id.*
[24] *Id.* at 202.
[25] *Id.*
[26] *Id.* at 203, 207.

6

impeachment material in the form of the defense witness' testimony.[27] The Third Circuit held:

> that [the defendant] was not denied a "full and fair opportunity" to cross-examine [the prosecution witness]. There were no specific statutory or court-imposed restrictions on the scope of questioning at [the defendant's] second trial. If [the defendant] had discovered [the defense witness'] testimony prior to the second trial, he could have cross-examined [the prosecution witness] about that testimony. [The defendant's] failure to cross-examine [the prosecution witness] about [the defense witness'] testimony cannot be attributed to any decision by the court, or statutory limitation on the scope or nature of [the defendant's] cross-examination at the second trial. Under *Fensterer* and *Ritchie,* [the defendant] had what the Confrontation Clause guaranteed—"an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." [The defendant's] claim is simply not a cognizable Confrontation Clause claim.[28]

The Third Circuit's decision in *Ross* makes clear that a defendant's rights are not violated simply because he does not have all possible impeachment evidence at the time of cross-examination.[29] Rather, there is no violation of the Confrontation Clause where any limitation in the defendant's ability to cross-examine the witness "cannot be attributed to a limitation imposed by the trial court or by statute."[30]

---

[27] *Id.* at 208.
[28] *Id.* (alterations and citations omitted).
[29] The Third Circuit noted a significant flaw in any rule that prohibited the admission of prior testimony based on the later discovery of new impeachment evidence. The Third Circuit noted that "the prior testimony of any unavailable witness would be rendered inadmissible upon finding any newly-discovered impeachment evidence. If, for example, a critical government witness died before trial, a defendant would merely have to uncover a prior inconsistent statement to render that witness's prior testimony inadmissible. *Fensterer* makes clear that the Confrontation Clause does not require such a result." *Id.* at 208 n.6.
[30] *Id.* at 209.

7

The Third Circuit's holding in *Ross* makes clear that Carmichael's Confrontation Clause rights were not violated simply because he did not have access to certain evidence that could have been used to impeach Hannible during the preliminary hearing, particularly since no limitations on cross-examination were imposed by the trial court. As such, the state court's conclusion that there was no error in said admission was not contrary to, or an unreasonable application of, firmly established federal law, and Magistrate Judge Mehalchick properly recommended that any claims related to an alleged violation of Carmichael's Sixth Amendment rights be denied.

Carmichael's remaining objections may be disposed of quickly. First, although Carmichael argues that this Court should find no procedural default based on the state's belated assertion of that defense, it rests within this Court's discretion to enforce such a defense.[31] Important in considering whether to enforce a procedural default are "the values of comity, federalism, judicial efficiency, and the ends of justice."[32] The Court finds that these values are best met by enforcing the procedural default defense and, therefore, Carmichael's objection is overruled.

Finally, Carmichael argues that appellate counsel was ineffective for failing to develop a sufficiency of the evidence claim since—if Hannible's preliminary

---

[31] *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002).
[32] *Id.* at 521.

hearing testimony were stricken—there would be insufficient evidence to support Carmichael's convictions.[33] As discussed above, Hannible's preliminary hearing testimony was properly admitted and, even excluding such testimony, there was sufficient evidence to support Carmichael's conviction. That evidence included testimony from two witnesses who saw Carmichael rolling around in mud at the scene of the crime with an assault rifle.[34] Police officers testified that they discovered Carmichael at the scene covered in mud and discovered nearby a muddy assault rifle; forensic tests matched that assault rifle with shell casing found near the crime scene.[35] Thus, any sufficiency of the evidence argument is meritless, and Carmichael suffered no prejudice from appellate counsel's failure to develop such an argument. The Court therefore agrees with Magistrate Judge Mehalchick that the state court's determination that appellate counsel was not ineffective for failing to develop a sufficiency of the evidence argument is not contrary to, or an unreasonable application of, federal law. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 33) is **ADOPTED**;

2. Carmichael's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

---

[33] Doc. 40 at 4.
[34] Doc. 20-1 at 108-27.
[35] *Id.* at 127-233.

3. Carmichael's motion for judgment on the pleadings (Doc. 19) is **DENIED** as moot;

4. The Court declines to issue certificate of appealability;[36] and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[36] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).